UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
................................................
                                               :
MOUSTAPHA MAGASSOUBA,                           :
                                               :
                        Plaintiff,             :
           -against-                           :        08 Civ. 4560 (RJH)(HBP)
                                               :
                                               :        MEMORANDUM OPINION
WARDEN JAMES N. CROSS, et al.,                 :        AND ORDER
                                               :
                        Defendants.            :
                                               :
................................................
```

Richard J. Holwell, District Judge:

Plaintiff Moustapha Magassouba ("Magassouba") commenced this action *pro se* on May 16, 2008 against federal employee defendants Kenneth Cho ("Cho"), Ileana Pena ("Pena"), Sharon Fields ("Fields"), Donell Scott ("Scott"), Michael J. Garcia ("Garcia"), and James N. Cross ("Cross") (collectively, the "Federal Defendants") and inmate defendants Goldson Hugh, Thomas Garfield, and Barris Larry (the "Inmate Defendants").

The Court referred the action to Magistrate Judge Henry B. Pitman in an order dated May 14, 2009. In his report and recommendation (the "Report"), dated March 1, 2010, Magistrate Judge Pitman concluded that the Federal Defendants' motion to dismiss should be granted. Magistrate Judge Pitman further recommended that plaintiff's claims against defendant Pena be dismissed with prejudice, that his other claims against the Federal Defendants be dismissed without prejudice, that plaintiff's motion for leave to file a Second Amended Complaint be denied, and that his common-law claims be dismissed as a matter of discretion.

Plaintiff filed objections to the Report on several grounds, claiming that the Report erred by: (1) failing to recognize his claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, and under 42 U.S.C. § 1983; (2) excusing his failure to file grievance with respect to only one claim based on Cross's alleged instruction to him to file an administrative tort claim instead of a grievance; (3) saying that he filed two, not three, administrative tort claims; (4) concluding that he was aware of the grievance process before 2008; (5) concluding that he did not exhaust his administrative remedies before filing this action; (6) denying him leave to amend his complaint as futile; (7) dismissing his claims against Pena; and (8) recommending prudential dismissal of his claims against other inmates.  Before filing his objections, however, Magassouba filed another motion for permission to withdraw his Second Amended Complaints dated January 14, 2010 and February 17, 2010 and for leave to amend **[52]** his complaint.[1]  For the reasons that follow, the Court adopts the well-reasoned Report in its entirety and DENIES the new motion to amend.

## BACKGROUND

The factual background and relevant procedural history are set forth in the Report.  The Court adopts the findings of fact as set forth in the Report and assumes familiarity with the facts as stated therein.

## DISCUSSION

I.      **Standard of Review**

A district court may designate a magistrate judge to hear and determine certain motions and to submit to the court proposed findings of fact and a recommendation as to the disposition

---

[1] The motion is titled a "Motion for Permission to Withdraw and Leave to Refile 2nd Amended Complaint."  Since Magassouba was never given permission to file the Second Amended Complaint in the first place, if the Court were to grant this motion, it would be granting him leave to amend, not to refile.  This is plaintiff's third attempt at filing the Second Amended Complaint, this time dated February 24, 2010.

of the motions.  *See* 28 U.S.C. § 636(b)(1).  Within fourteen days of service of the

recommendation, any party may file written objections to the magistrate judge's report.  *Id.*  In

evaluating the report, the court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  *Id.*

      The district court adopts a Magistrate Judge's report and recommendation when no clear

error appears on the face of the record.  *See Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y.

1985).  If a party objects to the report and recommendation, however, the court "shall make a de

novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see, e.g., Jackson v.

Goord*, 664 F. Supp. 2d 307, 310 (S.D.N.Y. 2009).  "If, however, the party makes only

conclusory or general objections, or simply reiterates his original arguments, the Court reviews

the Report and Recommendation only for clear error."  *Silva v. Peninsula Hotel*, 509 F. Supp. 2d

364, 366 (S.D.N.Y. 2007) (citations and internal quotation marks omitted).

## II. Plaintiff's Objections

### A.  FTCA Claim

      Magoussaba's first objection argues that Judge Pitman should have recognized his FTCA

claim because "[t]he complaints did Stated [sic] that MICHAEL J. GARCIA is the United States

of America in the caption."  (Pl.'s Objections at 5.)  The Report anticipated this argument, and

the Court agrees with the Report's analysis.  Although the First Amended Complaint made a

passing reference to "United States, who is Michael J. Garcia," (First Am. Compl. at 3), the

Report notes that "Garcia is named as an individual in the caption, in the list of parties that

begins plaintiff's complaint, and in plaintiff's affidavit of merit."  (Report at 4 n.2; *see also* Pl.'s

Affidavit of Merit ¶ 36.)  Thus, the Court agrees with the Report's conclusion that "the reference

to 'UNITED STATES who is MICHAEL J. GARCIA' [should be deemed] to refer to the former United States Attorney for this district, Michael J. Garcia."  (Report at 4 n.2.)  As such, Magoussaba's claims were exclusively directed at federal officers, who are not amenable to suit under either § 1983, which applies to state officers, or the FTCA, which applies to the federal government itself.  (*See* Report at 4 n.2); *see also Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994) ("[A] claimant's exclusive remedy for nonconstitutional torts by a government employee acting within the scope of his employment is a suit against the *government* under the FTCA.") (emphasis added); *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.4 (2d Cir. 1991) ("An action brought pursuant to 42 U.S.C. § 1983 cannot lie against federal officers.").

### B.  Cross's Instruction To File an Administrative Tort Claim

Plaintiff next objects that the Report erred in failing to hold that Cross's alleged instruction to file an administrative tort claim excused him from filing grievances with respect to all of his claims.  (Pl.'s Objections at 5.)  According to Magasmuba, the Court should so hold because he "complained to the Warden [Cross] about all His rights violations, but Warden [Cross] did not order any investigation and Did not Doe [sic] any thing [sic] to Help THE Plaintiff Under His Supervision Duty."  (*Id.*)  Plaintiff's objection, however, is consistent with the Report's conclusions.

In his objections, Magassouba recounts the circumstances of Cross's remark: "The Plaintiff also requested [Cross] to order an investigation about the inmate Who stole Plaintiff Property.  The Warden Cross repeated same thing, he said to file a Tort Claim that Their [sic] will pay his property value."  (Pl.'s Objections at 7.)  From a generous construction of Magassouba's objections, it appears that he believes Cross's comment should excuse his failure to exhaust as to all claims, not just his lost-property claim, because as the warden, Cross had the

power to respond to grievances.  Since Cross had said to file a tort claim with respect to the lost property claim, filing grievances about other claims would have been futile.  (*See* Pl.'s Objections at 5-6.)  But plaintiff's contention in this regard is belied by his actually having filed grievances about some of these other claims. (*See* Pl.'s Objections at 8; Report at 27-28.) Therefore, his argument that Cross's comment led him astray as to all claims is given little credence.  The Report correctly concluded that the scope of Cross's comment is limited to excusing Magassouba's failure to exhaust with respect to the lost property claim only.

### C.  Number of Administrative Tort Claims Filed

Next, plaintiff objects that the Report noted that he filed two administrative tort claims; he claims the number should be three.  (Pl.'s Objections at 7.)  This objection is legally irrelevant as the context in which the Report noted the number of tort claims was only to say that "[p]laintiff did file two FTCA administrative tort claims in connection with some of his claims, but filing administrative tort claims is not a substitute for compliance with an inmate grievance procedure."  (Report at 19 (citing *McClenton v. Menifee*, 05 Civ. 2844 (JGK), 2006 WL 2474872, at *16 (S.D.N.Y. Aug. 22, 2006)).)  As the Court agrees with the Report's analysis that administrative tort claims do not substitute for compliance with an inmate grievance procedure, the number of tort claims filed is irrelevant.

### D.  Awareness of the Grievance Process

Magassouba also objects to the Report's finding that he was aware of the grievance process before 2008, and argues "[i]f this analyse [sic] is true why The Plaintiff did not file any grievance about his property that M.C.C. Receive on 2005 from F.M.C. North Carolina and failed to give Him . . . ."  (Pl.'s Objections at 7.)  The Court cannot speculate as to why Magassouba did not file a grievance about that particular incident, but his own complaint

indicates that he filed other grievances prior to 2008.  (*See* First Am. Compl. 11-12.)  Therefore, the Report was entirely correct in finding that Magassouba was aware of the grievance process before 2008.

### E.  Exhaustion of Remedies

Plaintiff next objects that he "did Exhausted [sic] his administrative Grievance by filing three Tort Claims and two Bp-8 and Government consent to bring an action against the United States."  (Pl.'s Objections at 8.)  Plaintiff's objection is meritless for three reasons.  First, as the Report noted, filing administrative tort claims does not exhaust the administrative grievance process.  (*See* Report at 19 (citing *McClenton v. Menifee*, 05 Civ. 2844 (JGK), 2006 WL 2474872, at *16 (S.D.N.Y. Aug. 22, 2006)).)  Second, filing a BP-8 form only begins the administrative grievance process.  But as the Report correctly noted, the Prisoner Litigation Reform Act ("PLRA") requires "complete exhaustion in accordance with institutional procedures" prior to the filing of the complaint.  (*See* Report at 14 (quoting *Graham v. Cochran*, 96 Civ. 6166 (LTS)(RLE), 2002 WL 31132874, at *6 (S.D.N.Y. Sept. 25, 2002)); Report at 15 (citing *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001)).)  Filing a BP-8, without more, plainly fails to exhaust the four-step administrative grievance procedure used by the Bureau of Prisons.  (*See* Report at 17.)  In his objections, Magassouba asserts that for some claims, he has gone beyond the filing of the BP-8, but even with respect to those further steps, he acknowledges that he is "Waiting for their answers."  (Pl.'s Objections at 8.)  Third, the government "consent" Magassouba touts is apparently a reference to a sentence informing him of his right to sue under the FTCA contained in the denial of his administrative tort claim.  (*See, e.g.*, Pl.'s Affidavit of Merit Ex. B.)  As discussed above, however, Magassouba's claim fails to name the United States as a defendant and therefore fails to state an FTCA claim; therefore, this "consent" is irrelevant

to the claims in this action.  Even fully crediting Magassouba's objection, therefore, he has given

no reason not to dismiss his claim pursuant to the PLRA's exhaustion requirement.[2]

### F.  Leave To Amend

Magassouba's next objection is that his proposed second amended complaint is not futile

because it substitutes Officer Perlaza for one of the John Doe defendants.  This, he claims, is not

futile because "his true name is not in the caption of any complaint yet, for the service of

summons."  (Pl.'s Objections at 9.)  But the Report correctly denied leave to amend as futile

because Magassouba had not pleaded exhaustion of the administrative grievance procedure with

respect to his claims against Perlaza.  (Report at 29.)  It is irrelevant to this conclusion that

Perlaza's name has not yet appeared in the caption of a complaint because any claims against

Perlaza would fail for lack of exhaustion under the PLRA.  This objection, too, must be denied.

The Report, in denying leave to amend, also addressed the issues relevant to

Magassouba's present request for leave to amend.  The new motion asserts, as did plaintiff's

April 26, 2009 motion, that the plaintiff requires leave to amend to add defendant Perlaza to the

caption.  (Motion to Amend dated Feb. 24, 2010, at 1-2.)  The Court, therefore, adopts the

reasoning of the Report as to the futility of adding Perlaza as a defendant.  (*See* Report at 29.)

The only additional item Magassouba purports to add to the complaint in his motion to amend is

a claim for $7,000,000, which would also be futile since all claims are being dismissed for the

reasons stated in the Report.

---

[2] Plaintiff apparently filed a "Notice of Plaintiff Administrative Remedy Exhaustion Proof Under 42 U.S.C. § 1997"
on November 5, 2010 containing several administrative grievance forms and denials that post-date the complaint.
But the operative date for this action, as discussed in the Report, is the date of filing of the complaint.  (*See* Report at
15.)  If plaintiff wishes to plead that he has exhausted his administrative remedies, he should refile a complaint that
adequately pleads administrative exhaustion under the PLRA.

### G.  Claims Against Pena

Plaintiff next objects to the Report's dismissal of his claims against Pena under Fed. R.

Civ. P. 12(b)(6).  (Pl.'s Objections at 9.)  Magassouba's only legal argument against the Report

is that "his claims are Meritorious."  (*Id.*)  But the Report did not take issue with the factual

allegations of Magassouba's complaint.  Rather, the Report correctly concluded that even if all

the facts asserted in the complaint were true, they "at most, support an inference of negligent

conduct, and, thus, are insufficient to survive a motion to dismiss."  (Report at 30 (citing *Thomas

v. Nassau County Corr. Ctr.*, 288 F. Supp. 2d 333, 337 (E.D.N.Y. 2003)).)  This is because

"[m]ere negligence cannot give rise to a constitutional claim."  *Covington v. Westchester County

Dept. of Corrections*, No. 06 Civ. 5369 (WHP), 2010 WL 572125, at *7 (S.D.N.Y. Jan. 25,

2010) (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)).

Magassouba also attempts to assert new factual allegations in his objections, in which he

alleges for the first time that Pena intentionally stole his earphones.  (*See* Pl.'s Objections at 9.)

These allegations are not properly made at this stage of the litigation.  They were not alleged in

either the First or Second Amended Complaints or in the litigation before Magistrate Judge

Pitman, and Magassouba has offered no justification as to why he did not present these

allegations at that time.  *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir.

1994) ("In objecting to a magistrate's report before the district court, a party has no right to

present further testimony when it offer[s] no justification for not offering the testimony at the

hearing before the magistrate.") (internal quotation marks omitted); *Allen v. Hurd*, No. 5:09-CV-

1388 (GTS/GHL), 2010 WL 2682248, at *2 n.1 (N.D.N.Y. July 2, 2010) ("[A] district court will

ordinarily refuse to consider arguments, case law and/or evidentiary material that could have

been, but was not, presented to the Magistrate Judge in the first instance.").  Magassouba's only

proffered explanation for this new allegation is that it "only clarifie[s]" the arguments in his amended complaint.  (Pl.'s Reply at 2.)  But the new allegation clarifies nothing; it instead presents a wholly distinct set of facts from those asserted in the complaint.  Accordingly, the Court declines to consider the new factual allegation at this time, and therefore finds Judge Pitman's analysis regarding the lost-property claim entirely correct.

## H.  Prudential Dismissal of Claims Against Other Inmates

Finally, plaintiff challenges the Report's recommendation that the Court decline to exercise supplemental jurisdiction over his claims against inmates Hugh, Larry, and Garfield. The Report noted that "[p]laintiff has not alleged any basis for federal subject matter jurisdiction over these claims."  (Report at 33.)  This remains true, and plaintiff offers no new argument on this point, but merely asserts in a conclusory fashion that "his Federal Rights And United States Constitutional Amendments rights secured to him . . . has [sic] been violated by prisoners . . . ." (Pl.'s Objections at 11.)  Plaintiff does not assert, and the Court cannot conjure up, any specific federal rights that other inmates could have violated by the conduct alleged in the complaint.  To the extent that plaintiff's allegations regarding Hugh, Larry, and Garfield are true, they are not matters that give rise to a cause of action in federal court.  The three causes of actions asserted in Magassouba's complaint are available only against specific defendants, none of which include prison inmates.  *See* 28 U.S.C. § 1346 (allowing FTCA claims against the United States only); 42 U.S.C. § 1983 (limiting liability to those who act under color of law of any State or the District of Columbia); *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (permitting recovery against federal agents).  Accordingly, no federal cause of action lies against Hugh, Larry, and Garfield, and the Court declines to exercise jurisdiction over their claims for the reasons stated in the Report.  (*See* Report at 32-33.)

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Pitman's well-reasoned and thorough Report and Recommendation in its entirety.  Accordingly, defendants' motion to dismiss **[30]** is GRANTED.  Plaintiff's lost-property claim against Pena is dismissed with prejudice; all other claims are dismissed without prejudice to refiling.  If plaintiff refiles a new complaint, he is cautioned that a subsequent deficient pleading in the new complaint will result in dismissal with prejudice, as he has already had multiple opportunities to state a claim upon which relief can be granted.  Plaintiff's application to withdraw the January 14, 2010 and February 17, 2010 Amended Complaints is GRANTED, but the Court DENIES the motion to amend his complaint **[52]** as futile.  The Clerk of the Court is requested to close this case.

SO ORDERED.

Dated: New York, New York
      November **3 0** , 2010

                               Richard J. Holwell
                          United States District Judge

10