UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

MOUSTAPHA MAGASSOUBA,                :

                    Plaintiff,       :    08 Civ. 4560 (LAP)(HBP)

      -against-                      :    REPORT AND
                                          RECOMMENDATION[1]
UNITED STATES OF AMERICA, et al.,    :

                    Defendants.      :

-----------------------------------X


            PITMAN, United States Magistrate Judge:


            TO THE HONORABLE LORETTA A. PRESKA, United States

District Judge


            On or about November 30, 2012, plaintiff submitted a

proposed order to show cause to the chambers of the Honorable

Loretta A. Preska, Chief Judge of the United States District

Court for the Southern District of New York.  Plaintiff's submis-

sion seeks an Order directing defendants to show cause on or

before December 18, 2012

            why an order should not be issued pursuant to Rule 65
            of the Federal Rules of Civil Procedure enjoining the
            defendant during the pendency of this action from
            delaying discoveries [sic], testimony, hearing, trial,

--------------------

      [1]The submission from plaintiff that prompts this decision
seeks injunctive relief.  Because I cannot grant or deny an
injunction, I address plaintiff's submission by way of a report
and recommendation.

documents, involving the Officer Perlaza, failure to
protect the Plaintiff from being injured by three
Inmates which took place on May 25, 2008 at MCC New
York; and enjoining defendants Goldson Hugh, and Thomas
Garfield from filing any pleading or otherwise defense
[<u>sic</u>] because the default has been entered under Rule
55, Fed.R.Civ.P.

Plaintiff also seeks a temporary restraining order enjoining
defendants "from delaying any specific facts regarding to Officer
Armando Pelaza [<u>sic</u>], [and] acts stated in the verified complaint
[<u>sic</u>] . . . ."  Finally, plaintiff seeks an order directing
defendants to post security in the amount of $250,000 "so that
Plaintiff can pay the Court filing fee for the action and the
U.S. Marshals Service process fees including Plaintiff Medical
exams, treatment, and the service fees for an expert who will
testify on his behalf in the Court, including attorney fees who
will represent [<u>sic</u>] Petitioner at [the] trial and hearing of
this matter . . . ."  For the reasons set forth below, I respect-
fully recommend that the order to show cause and the substantive
relief sought by plaintiff be denied in all respects and that the
application be treated as a motion for expedited discovery.

        The history of this action is set forth in Judge
Preska's October 3, 2012 Order granting defendants' motion to
dismiss plaintiff's first, second and fourth FTCA claims and
denying their motion for summary judgment dismissing plaintiff's
third FTCA claim.  Familiarity with that Order and all prior

proceedings is assumed.  The sole remaining FTCA claim in this action arises out of plaintiff's allegation that Officer Perlaza failed to intervene to stop an assault on plaintiff by other inmates and that the medical care plaintiff received subsequent to that alleged incident was deficient.

The principal problem with plaintiff's application is that plaintiff appears to be seeking the extraordinary remedy of a preliminary injunction to compel defendants to respond to unidentified discovery requests on an expedited basis.  Indeed, it is not even clear whether plaintiff has served any discovery requests.  Rather than grant a preliminary injunction or a temporary restraining order, I conclude that the most appropriate course is to deem plaintiff's submission to be a motion for expedited discovery and to order the defendants to respond by December 14, 2012.

To the extent plaintiff seeks to enjoin the defendants in default from filing any submissions, the application should also be denied.  The defendants in default may have valid reasons why their default should be excused.  Given the strong policy on this Circuit of resolving disputes on the merits, see In re Martin Trigona, 763 F.2d 503, 505 (2d Cir. 1985), there is no basis on which to issue a pre-emptive order precluding the defaulting defendants from even being heard.

3

Finally, to the extent that plaintiff seeks to compel defendants to post security so that he can finance his litigation, plaintiff faces several insurmountable obstacles. First, neither the United States, its officers or agencies can be required to pose security. Fed.R.Civ.P 65(c). Second, plaintiff appears to misunderstand the purpose of security. A party (other than the United States) seeking a provisional remedy such as a preliminary injunction is required to post security to ensure that the party enjoined can be made whole in the event the preliminary injunction turns out to have been erroneously issued. Security is not a mechanism that permits a Court to order a defendant to advance costs, attorney's fees and expert witness fees to an indigent plaintiff.

Accordingly, I respectfully recommend that plaintiff's application for (1) an order to show cause, (2) a temporary restraining order (3) a preliminary injunction and (4) an order directing defendants to post security, be denied in all respects. I deem plaintiff's submission to be an application for expedited discovery; defendants are ordered to submit their response no later than December 14, 2012.

OBJECTIONS

       Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed. R. Civ. P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Loretta A. Preska, Chief Judge, United States District Court for the Southern District of New York, 500 Pearl Street, Room 2220, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Chief Judge Preska.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair

Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714
F.2d 234, 237-238 (2d Cir. 1983).

Dated:  New York, New York
        December 4, 2012

                              Respectfully submitted,


                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:

Mr. Moustapha Magassouba
P.O. Box 2053
New York, New York  10027

Jean D. Barnea, Esq.
Assistant United States Attorney
Southern District of New York
3rd Floor
86 Chambers Street
New York, New York  10007

Mr. Larry Barris
Reg. No. 95305-198
FCI - Elkton
P.O. Box 10
Lisbon, Ohio  44432

Mr. Goldson Hugh
Reg. No. 28359-053
Bureau of Prisons
Inmate Monitoring Section
Holc Building
320 First Street, N.W.
Washington, D.C.  20534

Mr. Thomas Garfield
Reg. No. 63938-054
MCFP - Springfield
Federal Prisoners Medical Center
P.O. Box 400
Springfield, Missouri  65801